IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WALLACE BEGAY,

      Plaintiff,

v.                                           No. 1:26-cv-01846-KK

CITY OF AZTEC,
JEFF BLACKBURN, individually,
DENVER DEWEES, individually,
CHARLES DOBEY, individually,
EDWARD KOTYK, individually, and
COLBY LANE KING, individually,

      Defendants.

### ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, ORDER REGARDING SERVICE ON INDIVIDUAL DEFENDANTS AND ORDER FOR SERVICE ON CITY OF AZTEC

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed June 8, 2026, and Plaintiff's Motion to Proceed *In Forma Pauperis*, Doc. 2, filed June 8, 2026.

**Order Granting Motion to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff has been without regular employment income since August 12, 2024; (ii) Plaintiff's expected income amount next month is $0.00; and (iii) Plaintiff's wife, who is on dialysis for end-stage renal disease, and his special needs grandson rely on Plaintiff for support.  The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and because he has no income.

**Order Regarding Service on Individual Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court cannot order service at this time on the individual Defendants because Plaintiff has not provided their addresses for service.  The Court orders Plaintiff to file a notice that provides the service addresses for Defendants Blackburn, DeWees, Dobey, Kotyk and King.

**Order for Service on City of Aztec**

Plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.  Rule 4 of the Federal Rules of Civil Procedure states the Court must order that "service be made by a United

States marshal or deputy marshal or by a person specially appointed by the court" "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." Fed. R. Civ. P. 4(c)(3).

The Court orders the Clerk of the Court to provide a copy of this Order, a summons and a copy of the Complaint to the United States Marshals Service for service on Defendant City of Aztec at the address provided by Plaintiff in his Complaint. *See* Complaint at 4, Doc. 1, filed, June 8, 2026; Fed. R. Civ. P. 4(j)(2) (serving a local government).

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)    Plaintiff's Motion to Proceed In Forma Pauperis, Doc. 2, filed June 8, 2026, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order, file a notice that provides the service addresses for Defendants Blackburn, DeWees, Dobey, Kotyk and King.

Failure to timely provide the address for each individual Defendant may result in dismissal of claims against those Defendants.

(iii)     The Clerk of the Court shall provide a copy of this Order, a summons for Defendant City of Aztec and a copy of the Complaint, Doc. 1, filed June 8, 2026, to the United States Marshals Service.  The United States Marshals Service shall serve a copy of this Order, a summons and a copy of the Complaint on:

Chief Executive Officer
City of Aztec
201 West Chaco Street
Aztec, NM 87410

**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**